# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RAGAN ROWLAND,   CASE NO.:

    Plaintiff,

vs.

CITIBANK, N.A.,   DEMAND FOR JURY TRIAL

    Defendant,

_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, RAGAN ROWLAND (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, CITIBANK, N.A., (hereafter "Defendant"), and states as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## GENERAL ALLEGATIONS

1. Plaintiff is an individual residing in PASCO County, Florida.

2. This is an action for damages greater than $15,000.00.

3. Defendant is a banking corporation organized under federal law with its principal place of business located in New York.

4. Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Pasco County, Florida.

5. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

6. The debt is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

## FACTUAL ALLEGATIONS

7. It is alleged by Defendant that Plaintiff's deceased wife owed a debt to Defendant relating to a Citibank Credit Card, Account No. ending in - 5809.

8. Plaintiff advised Defendant that he was not responsible for the account and revoked any prior express consent to contact Plaintiff via facsimile transmission to Defendant's facsimile no. 605-357-2073. See facsimile confirmation attached as Exhibit "A."

9. In addition to the request not to be contacted by Defendant, Plaintiff's facsimile transmission directed Defendant to contact Plaintiff's attorney and included the contact information for the law firm.

10. Plaintiff's cellular telephone number ends in -7810.

11. Plaintiff is not responsible or liable for the debt of his deceased wife.

12. Defendant knowingly or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff advised that he was not liable for the debt and withdrew any prior consent or permission to be contacted.

13. Defendant knowingly or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

14. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone on the following dates and times listed on the call logs of Plaintiff attached as Exhibit "B".

15. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

16. Plaintiff did not speak with a representative during the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

17. Plaintiff did not speak with a live representative during any of the phone calls because they were all made by Defendant using an artificial or pre-recorded voice.

18. Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

19. The messages left by Defendant used an artificial or pre-recorded voice that requested a return call from Plaintiff.

20. Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communications.

21. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

22. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

23. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

24. Plaintiff incorporates all allegations in paragraphs 1-20 and 23 as if stated fully herein.

25. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

26. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

27. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified that the debt was not Plaintiff's debt and to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, RAGAN ROWLAND, demands judgment against Defendant, CITIBANK, N.A., for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e. any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

28. Plaintiff incorporate all allegations in paragraphs 1-20 and 23 as if stated fully herein.

29. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

30. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

31. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, RAGAN ROWLAND, demands judgment against Defendant, CITIBANK, N.A., for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

  d. any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

32. Plaintiff incorporates all allegations in paragraphs 1-3, 5 and 7-23 as if stated fully herein.

33. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

34. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

35. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

36. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, RAGAN ROWLAND, demands judgment against Defendant, CITIBANK, N.A., for the following relief:

    a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after March 9, 2016 AT 3:24 P.M.;

    b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

    c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____
RAGAN ROWLAND

STATE OF FLORIDA

COUNTY OF St Johns

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this 2nd day of August, 2016, by RAGAN ROWLAND, who is personally known to me or who produced drivers license as identification and who did take an oath.

_____
Name: Mercedes McLeod
Notary Public, State of Florida

My Commission Expires: 11/02/2018

MERCEDES MCLEOD
Notary Public - State of Florida
My Comm. Expires Nov 2, 2018
Commission # FF 138861

Date: August 5, 2016

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax:   (888) 503-2182
**Attorney for Plaintiff**